**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000620**
**29-APR-2025**
**09:17 AM**
**Dkt. 61 SO**

NO. CAAP-22-0000620

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
DAMIEN K. PALEKA, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-20-0000579)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting State's Motion to Reconsider the Suppression of Statements of Counts Four Through Nine" (**Order**), filed on September 20, 2022, by the Circuit Court of the Second Circuit (**circuit court**).[1]

On November 16, 2020, the State charged Defendant-Appellee Damien K. Paleka (**Paleka**) by Indictment with nine

---

[1]     The Honorable Kelsey T. Kawano presided.

counts of Sexual Assault. Counts One through Three related to one complaining witness for an incident that occurred on or about August 14, 2020, and Counts Four through Nine related to a second complaining witness, who was fourteen to sixteen years old at the time, that occurred between January 1, 2020 and March 3, 2020.

Prior to trial, Paleka filed "Defendant's Motion to Suppress Statements" (**Motion to Suppress**), seeking to suppress statements he made to Maui Police Department (**MPD**) Detective Kyle Bishaw-Juario (**Detective Bishaw-Juario**) on March 14, 2020, while under arrest regarding the charged sexual assaults related to the second complaining witness who was fourteen to sixteen years old. After hearings on the voluntariness of Paleka's statements,[2] and the Motion to Suppress Paleka's March 14, 2020 statements, the circuit court suppressed Paleka's March 14, 2020 statements. The circuit court concluded that the police lacked probable cause to arrest Paleka and, thus, the "resulting custodial interrogation was illegal."

The circuit court found that since "there was no evidence presented by the State to support the arrest on March 14, 2020, everything thereafter [was] fruit of the

_____

[2] The circuit court found that Paleka's statements were properly informed, and knowingly, intelligently, and voluntarily given with regard to Counts One through Three. The parties proceeded to a jury trial on Counts One through Three, and Paleka was convicted of one count of Sexual Assault in the Second Degree. Paleka withdrew his appeal of that conviction.

poisonous tree and the case shall be dismissed." The circuit court then dismissed Counts Four through Nine with prejudice.

On appeal, the State contends that the circuit court abused its discretion by dismissing Counts Four through Nine with prejudice. The State argues that: (1) the circuit court infringed "on the State's determination on how to prepare its cases for trial"; (2) the suppression order would not affect the evidence obtained prior to March 14, 2020; (3) "the suppression remedy requested by Paleka was sufficient to ensure fairness to the defendant, while a dismissal with prejudice that no party requested undercuts the State's interest in prosecuting criminal conduct"; and (4) even assuming dismissal was warranted, dismissal with prejudice was "an extreme sanction."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we vacate the circuit court's Order as follows.

"Trial courts have the power to dismiss *sua sponte* an indictment with prejudice and over the objection of the prosecuting attorney within the bounds of duly exercised discretion." State v. Mageo, 78 Hawaiʻi 33, 37, 889 P.2d 1092, 1096 (App. 1995) (quoting State v. Moriwake, 65 Haw. 47, 55, 647 P.2d 705, 711-12 (1982)) (cleaned up). "The parameters within which this discretion is properly exercised requires a balancing

of the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system." Id. (cleaned up). This court also instructed that "in the future, trial courts exercising this power should issue written factual findings setting forth their reasons for dismissal with prejudice so that a reviewing court may accurately assess whether the trial court duly exercised its discretion." Id. at 38, 889 P.2d at 1097 (cleaned up).

We first emphasize that the parties do not cite, and we could not find, where in the record there was a motion to dismiss Counts Four through Nine. Thus, it appears the dismissal was *sua sponte*.

Next, a review of the voluntariness and suppression hearing transcripts show that the State had acquired some evidence prior to Paleka's March 14, 2020 statement made while under arrest. Detective Bishaw-Juario testified that, prior to Paleka's March 14, 2020 statement, Detective Bishaw-Juario had statements from the complaining witness and Paleka's grandfather, the dates of the Plan B contraceptive pickups confirmed by Molokai General Hospital, and beddings collected from Paleka's bedroom. The circuit court, however, made no findings explaining how the evidence obtained prior to Paleka's March 14, 2020 statement would be fruit of the poisonous tree or why this evidence was insufficient to proceed on Counts Four

4

through Nine. See State v. Willis, 154 Hawai'i 160, 173, 548 P.3d 714, 727 (App. 2024) ("The testimony of one percipient witness can provide sufficient evidence to support a conviction.") (quoting State v. Pulse, 83 Hawai'i 229, 244, 925 P.2d 797, 812 (1996)).

Finally, nothing in the circuit court's FOFs and COLs show it balanced the State's interest against fairness to Paleka and why the requested suppression of Paleka's March 14, 2020 statement was an insufficient remedy.

For the foregoing reasons, we vacate the part of the circuit court's Order that dismissed Counts Four through Nine with prejudice, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, April 29, 2025.

On the briefs:

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Jacob G. Delaplane,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge